IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CURTIS RAY BARNES                                                                           PLAINTIFF

vs.                                           Civil No. 2:09-cv-02141

MICHAEL J. ASTRUE                                                                          DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Curtis Ray Barnes ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Robert T. Dawson referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments of counsel, this Court recommends Plaintiff's case be **REVERSED AND REMANDED.**

**1. Background:**

Plaintiff protectively filed applications for DIB and SSI on December 4, 2006. (Tr. 40, 109-117). In these applications, Plaintiff alleged he was disabled due to back and leg problems and trouble with eyesight and hearing. (Tr. 133). At the administrative hearing in this matter, Plaintiff also alleged he was disabled due to depression and related problems, including anxiety and a severe mood disorder. (Tr. 24). Plaintiff alleged an onset date of June 1, 2005. (Tr. 40, 109, 113). These applications were

1

denied initially and again upon reconsideration. (Tr. 33-36).

Thereafter, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted. (Tr. 67-91). An administrative hearing was held on April 16, 2009 in Fort Smith, Arkansas. (Tr. 10-32). Plaintiff was present and was represented by counsel, Keith Black, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Sarah Moore testified at this hearing. *Id.* On the date of this hearing, Plaintiff was fifty-five (55) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2008), and had completed high school as well as truck driving school. (Tr. 15-17).

On June 2, 2009, the ALJ entered an unfavorable decision denying Plaintiff's applications. (Tr. 40-48). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2011. (Tr. 42, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 1, 2006, his amended alleged onset date. (Tr. 42, Finding 2). The ALJ determined Plaintiff had the following severe impairments: back disorder and gastritis. (Tr. 42-43, Finding 3). The ALJ also determined none of Plaintiff's impairments met or equaled the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 43, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 43-46, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and carry 50 pounds occasionally and 25

>  pounds frequently. He can sit for about 6 hours during an eight-hour workday and can stand and walk for about 6 hours during an eight-hour workday. He can perform unskilled work.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 46, Finding 6). Plaintiff's PRW included work as a grinder operator and truck driver. (Tr. 18-21). Based upon his RFC, the ALJ found Plaintiff was unable to perform his PRW. (Tr. 46, Finding 6). The ALJ also determined, however, that there was other work Plaintiff could perform in the national economy, considering his age, education, work experience, and RFC. (Tr. 47-48, Finding 10). The ALJ based this finding upon the testimony of the VE. *Id.*

Specifically, the VE testified, considering all Plaintiff's vocational factors, a hypothetical person would be able to perform the requirements of representative occupations such as industrial cleaner with 2,100 such jobs in the region and 264,000 such jobs in the national economy; hand packager with 1,300 such jobs in the region and 133,000 such jobs in the national economy; and dishwasher with 3,000 such jobs in the region and 382,000 such jobs in the national economy. (Tr. 47). Based upon this testimony, the ALJ determined Plaintiff had not been under a disability as defined by the Act from April 1, 2006, his amended alleged onset date, through June 2, 2009, the date of the ALJ's decision. (Tr. 48, Finding 11).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 8). *See* 20 C.F.R. § 404.968. On October 16, 2009, the Appeals Council declined to review this unfavorable decision. (Tr. 1-4). On November 6, 2009, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 7,10. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the

familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In his appeal brief, Plaintiff claims the following: (1) the ALJ did not properly evaluate his severe impairments; (2) the ALJ did not conduct a full credibility determination; (3) the ALJ did not properly evaluate his RFC; (4) the ALJ erred by finding he could perform other work existing in significant numbers in the national economy; and (5) the ALJ erred by failing to find he was disabled under the Medical-Vocational Guidelines ("Grids"). ECF No. 7. Because this Court finds the ALJ erred by determining his anxiety was a non-severe impairment, this Court will only address Plaintiff's first argument for reversal.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does

not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low or *de minimis* standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered to be severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is non-severe, the ALJ's disability determination must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

In the present action, Plaintiff alleges he is disabled due to anxiety. (Tr. 24). The ALJ, however, found Plaintiff only suffered from the following severe impairments: back disorder and gastritis. (Tr. 42-43, Finding 3). In making this finding, the ALJ determined Plaintiff's anxiety was non-severe and did not meet the low or *de minimis* standard as articulated by the Eighth Circuit and the U.S. Supreme Court. That determination was in error. While this impairment may not necessarily be *disabling,* the medical evidence demonstrates Plaintiff's anxiety causes more than *slight abnormalities,* which is all that is required for an impairment to be considered "severe."

For example, the medical records reflect Plaintiff was diagnosed with major depression on September 5, 2006. (Tr. 248-250). Dr. Cohen, Plaintiff's physician, treated Plaintiff for this depression. (Tr. 228-229, 234-235). By December 1, 2006, Dr. Cohen found Plaintiff's depression was "resolved" but that his anxiety "not otherwise specified" remained. (Tr. 229). Dr. Cohen continued to treat Plaintiff for his anxiety. (Tr. 402-403). By November 27, 2007, his anxiety had not

6

improved. *Id.* Specifically, Dr. Cohen stated Plaintiff "remains very anxious when around people." *Id.*

On May 16, 2008, Dr. Cohen continued to treat Plaintiff for anxiety. (Tr. 394-397). Dr. Cohen stated in the summary of Plaintiff's medical records during that appointment that he believed Plaintiff's anxiety was related to a social phobia, which apparently results from exposure to other people. *Id.* Also during this appointment on May 16, 2008, however, Plaintiff reported having no symptoms of anxiety. *Id.* Defendant claims this notation demonstrates Plaintiff's anxiety had improved to the point that it should be considered non-severe. ECF No. 10 at 5-7.

However, while Plaintiff reported no symptoms of anxiety during this appointment, it also appears he had not recently had exposed to other people, which presumably would have triggered his social phobia.[1] *Id.* Further, Dr. Cohen still treated Plaintiff for his anxiety and included this impairment on Plaintiff's "[p]roblem list." *Id.* Based upon these records, Plaintiff's anxiety disorder still qualified as severe as of this last appointment. Certainly, his diagnosed social phobia resulting from being around other people would impact his ability to do "basic work activities." Because, at the very least, the ALJ should have found Plaintiff's anxiety was a severe impairment, this case must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends this case be reversed and remanded.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in**

---

[1] In his previous appointments where he stated he suffered from anxiety, he reported recent exposure to crowds or large groups of people. *See, e.g.,* Tr. 402.

**which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.** *See Thompson v. Nix*, **897 F.2d 356, 357 (8th Cir. 1990).**

      **ENTERED this 18th day of February, 2011.**

      /s/   Barry A. Bryant
      HON. BARRY A. BRYANT
      U.S. MAGISTRATE JUDGE